Eusebio Sandoval **VILLAREAL,**
Petitioner—Appellant,

v.

Edward S. **ALAMEIDA, Jr.,** Director, California Department of Corrections, Respondent—Appellee.

No. 04–57202.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 21, 2005.

Submission Withdrawn Nov. 3, 2005.

Resubmitted June 2, 2006.

Decided June 7, 2006.

---

**4.** *See Valencia–Fragoso v. INS,* 321 F.3d 1204, 1205–06 (9th Cir.2003).

**5.** 8 U.S.C. § 1229a(b)(5)(C)(i).

**6.** *Romani v. INS,* 146 F.3d 737, 739 (9th Cir.1998).

---

Patrick Morgan Ford, Esq., San Diego, CA, for Petitioner—Appellant.

Pat Zaharopoulos, Esq., AGCA-Office of the California Attorney General, San Diego, CA, for Respondent—Appellee.

Before: TASHIMA and FISHER, Circuit Judges, and SHADUR, Senior District Judge.[*]

## MEMORANDUM [**]

Villareal appeals the district court's denial of his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state-court jury conviction for first degree murder. The district court rejected Villareal's assertion that the trial court erred in admitting the testimony of Mendoza, the victim's husband, because Mendoza was not subject to confrontation as required by the Sixth Amendment. We review de novo the district court's decision to deny a habeas petition, *Leavitt v. Arave,* 371 F.3d 663, 668 (9th Cir.2004), and affirm.

Because the parties are familiar with the facts, we do not recite them in detail. For purposes of this disposition we assume that *Crawford v. Washington,* 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), applies retroactively to Villareal's claim, *see Bockting v. Bayer,* 399 F.3d 1010 (9th Cir.2005), *cert. granted,* —— U.S. ——, 126 S.Ct. 2017, 164 L.Ed.2d 778 (2006). Moreover, we shall assume that Mendoza's statements to the police officer identifying Villareal as the shooter were testimonial in nature and their admission, without confrontation, violated Villareal's constitutional rights. *See Crawford,* 541 U.S. at 69, 124 S.Ct. 1354; *see also Hammon v. Indiana,* —— U.S. ——, 126 S.Ct. 552, 163 L.Ed.2d 459 (2005) (granting certiorari to determine whether an accusation made to an officer at the scene of a crime is testimonial within the meaning of *Crawford*); *Davis v. Washington,* —— U.S. ——, 126 S.Ct. 547, 163 L.Ed.2d 458 (2005) (granting certiorari to determine whether a statement identifying the perpetrator made to a 911 operator, considered an excited utterance by the lower court, is testimonial within the meaning of *Crawford*). Nonetheless, Villareal is not entitled to habeas relief, because the Sixth Amendment error was harmless. *See Brecht v. Abrahamson,* 507 U.S. 619, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993).

Mendoza's identification testimony was important but was merely one part of a strong overall case presented by the prosecutor. The cumulative testimony of multiple other witnesses corroborated Mendoza's identification of Villareal as the shooter and of the sequence of events that evening. *See United States v. Bowman,* 215 F.3d 951, 961 (9th Cir.2000).

---

[*] The Honorable Milton I. Shadur, Senior United States District Judge for the Northern District of Illinois, sitting by designation.

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Moreover, properly admitted evidence found in Villareal's apartment substantiated Mendoza's statements. Therefore, in light of the totality of the evidence offered by the prosecutor, we cannot say that the improper admission of Mendoza's testimony had a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht*, 507 U.S. at 638, 113 S.Ct. 1710.

Because Villareal does not make a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), we choose not to exercise our discretion to expand the Certificate of Appealability to include Villareal's pre-indictment delay due process claim. *See Hiivala v. Wood,* 195 F.3d 1098, 1104–05 (9th Cir.1999) (per curiam); 9th Circuit Rule 22–1(e).

**AFFIRMED.**

Kleinfeld, Circuit Judge, filed dissenting opinion.